## John Lucas, Inc., *v.* Morris & Johnson, Appellants.

*Negligence — Contributory   negligence — Automobiles — Right-angle collision.*

In an action of trespass to recover damages resulting from a right-angle collision between two automobile trucks, the evidence of the plaintiff showed that its truck was struck in front by the rear wheel of the defendant's truck.   It further appeared that the plaintiff's truck, coming at a low rate of speed, when it could readily have been stopped, entered upon a highway from a private drive, and, instead of stopping, drove directly into the path of the heavily loaded and rapidly moving truck of the defendants.   *Held:* Under such evidence, the contributory negligence of the plaintiff's driver was established as matter of law, and the defendant was entitled to binding instructions.

Argued May 3, 1922.   Appeal, No. 174, April T., 1922, by defendants, from judgment of C. P. Allegheny Co., July T., 1921, No. 456, on verdict for plaintiff, in the case of John Lucas, Inc., v. S. H. Johnson and D. J. Morris, partners trading and doing business as Morris & Johnson.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Trespass to recover for damages to an automobile truck.   Before COHEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $705 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was refusal to give binding instructions for defendants.

*Geo. Y. Meyer,* for appellants.—Had the collision occurred under similar circumstances, at a street intersection, the plaintiff would not be permitted to recover: Gosling v. Gross, 66 Pa. Superior Ct. 304.

The rights of plaintiff in this case are no greater than the rights of a pedestrian under similar circumstances, and, under these circumstances, pedestrians have been held guilty of contributory negligence as a matter of law: Harris v. Commercial Ice Co., 153 Pa. 278; Gavin v. P. R. T. Co., 271 Pa. 73.

*J. Roy Dickie,* and with him *Wm. W. Wishart,* for appellee.

OPINION BY GAWTHROP, J., July 13, 1922:

Plaintiff sought to recover damages resulting from a right-angle collision between its automobile truck and an automobile of defendant. The main question raised by the assignments of error and the only question material to the disposition of this appeal is whether, under the evidence, defendant was entitled to binding instructions in the court below and to a reversal here on the ground that plaintiff's driver was guilty of contributory negligence as matter of law.

Viewed in a light most favorable to plaintiff, the evidence warranted the jury in finding the following facts: Carson Street is one of the main arteries of traffic in Pittsburgh, running east and west. It is substantially level and straight for long distances east and west of the point of the accident involved. On it are eastbound and westbound street car tracks. There are no intersecting cross streets for considerable distances to the east and to the west. On the north side of the street is located a building of the Lawrence Paint Company, the front wall of which is flush with the curb line. About the middle of the front of the building is an opening or driveway for the entrance and exit of vehicles. On March 8, 1920, about eleven o'clock a. m., the driver of plaintiff's truck, with a load of more than two tons, started out from this driveway intending to cross to the south side of the street and then proceed eastwardly. He was running in low gear, at a rate of speed not exceeding three miles an hour.

He could not see to the east or west on Carson Street until he was outside of the street line of the building. When he arrived beyond that point he had an unobstructed view to the east and to the west and could and did see a horse and wagon, the wagon having no top, standing along the north side of the street about fifteen feet east from the driveway. He also saw a street car approaching from the east at a distance of about two hundred feet. Another street car was approaching from the west. The width of the street between the westbound trolley track and the building is sufficient to enable two vehicles to pass. When the front of plaintiff's truck was almost to the first rail of the trolley track, the driver saw defendant's truck, a large Pierce Arrow truck hauling five tons of sand, about fifteen feet to the east, just opposite the horse and wagon, and moving at a rate of speed estimated by him at twenty-five or thirty miles an hour. Both trucks continued to move and the left front corner of plaintiff's truck collided with the right rear wheel of defendants' truck, causing damage to plaintiff's truck. Just before the collision, defendants' driver called to plaintiff's driver, but plaintiff's driver continued to move. At the speed at which plaintiff's driver came out of the building, he could have stopped the truck almost instantly.

On this state of facts, we think plaintiff's driver was guilty of contributory negligence as a matter of law, because he attempted to cross Carson Street in front of a moving vehicle which he saw or could have seen at a time when it was possible for him to stop his truck and avoid the collision. When he drove out of the building and committed himself to the street, he was legally bound to anticipate that other vehicles might be moving along the north side of Carson Street at a reasonable rate of speed. As he could not see what was coming west on Carson Street until he got outside of the building, special caution was required of him and it was his duty to keep his truck under such control as would en-

able him to stop and avoid collision with traffic coming from the east at a reasonable speed. If he could not see what was approaching from the east, he took the chance and assumed the risk. The rear end of his truck had little more than cleared the curb line when the collision took place. His failure to see defendants' truck would seem to be explainable only on the ground that the looking which he did was merely careless and perfunctory. It is idle for him to say that he looked to the east for approaching vehicles when if he had looked he must have seen defendants' truck. It is not possible that the horse and wagon standing along the north curb line fifteen feet to his left would obstruct his view so that he could not see the truck. The wagon had no top. Plaintiff's driver was seated at a height which would give him an unobstructed view at a point where he could have seen defendants' truck and could have stopped to avoid the collision. It was not negligence as a matter of law for plaintiff's driver to attempt to cross the street where he did, but it was his duty to have due regard as to the conditions of the traffic before he committed himself to the act of crossing. This is not the case of one attempting to cross a highway in front of a moving vehicle within a zone of reasonable safety which is sufficient to warrant one's deeming it safe to cross. Here the accident was the result of a deliberate attempt to cross the street in front of an approaching vehicle when so near that plaintiff's truck was struck in front by the rear wheel of defendants' truck. One who voluntarily subjects himself to manifest danger cannot complain because others fail to exercise such a degree of care as to save him from harm. The conclusion is irresistible that the negligence of the plaintiff's driver contributed to the accident which would not have happened if he had really looked during the one or two seconds which elapsed between the time he committed himself to the street and the time he was struck. Entertaining this view, it is unnecessary for us

to pass upon the assignments of error raising other questions.

The first assignment of error is sustained, the judgment is reversed and the record is remitted to the court below with direction to enter judgment non obstante veredicto in favor of the defendant.